## William J. Gee *v.* Jane M. Gee et al.

1. Trust: when it results from payment of purchase-money.—A trust in favor of a person who pays the purchase-money of land, results only where the payment is made at the time of the purchase; a surety, therefore, who afterwards upon the default of his principal, pays the purchase-money, thereby acquires no interest in the land.

2. Same: parent and child.—A trust will not result in favor of the father, who purchases land in the name of his child; such transactions are presumed to be intended as advancements.

3. Chancery: jurisdiction.—That the proof, in relation to the genuineness of an unacknowledged deed purporting to convey real estate, is conflicting and doubtful, is no ground for the interposition of a Court of Equity for the recovery of the possession; such cases are peculiarly proper for the consideration of a jury.

Appeal from the District Chancery Court at Fulton. Hon. Henry Dickinson, vice-chancellor.

The appellant filed his bill in the court below for the recovery of the land in controversy, in which he alleged in substance, that

he wished to give two of his sons a small tract of land each, and that with this view he attended the sale of the land in controversy, made by the administrator of one Pool, and purchased the same, with the understanding and agreement between his said sons and himself that if two settlements could be made on the land, it was to be divided between them. That he bid off the land, but had the deed made in the name of his son, A. L. Gee, for the reason that complainant would be taken as surety for the son, but the son would not be taken as surety for him, and that accordingly he signed the note for the purchase-money as surety for his son, and afterwards paid the same ; that after the purchase was made, his two sons examined the land in company with himself, and it was then ascertained and agreed between the parties that the land was unfit for two settlements; and the said A. L. Gee then declined to have the same. That afterwards and a short time before said A. L. Gee's death, he executed a deed to complainant relinquishing his interest in the land to him, but that it was never acknowledged or witnessed.

The widow and heirs of A. L. Gee were made defendants. The widow for herself, and as guardian for the heirs who were minors, answered the bill, denying the equity of complainant, and made her answer a demurrer.

Several witnesses were examined, and the proof established the allegations of the bill so far as they related to the circumstances attending the sale and the making of the deed to A. L. Gee. The proof also showed that A. L. Gee went into possession, and so remained up to the time of his death. The evidence was conflicting as to whether A. L. Gee claimed title, or held for the benefit of complainant. One witness, a son of complainant, swore that he saw A. L. Gee sign the deed, a short time before his death, referred to in complainant's bill. Several other witnesses for the defendants, who were acquainted with A. L. Gee's hand-writing, testified that the signature to the deed was not genuine. Evidence was also introduced, tending to impeach the fairness and veracity of the witness for complainant, who testified to the execution of the deed.

The vice-chancellor dismissed the bill, and the complainant appealed.

*Davis* and *Acker*, for appellant.

*C. B. Baldwin*, for appellees,
Cited 2 Story, Eq. Pl. § 1203, note 3; and 13 S. & M. 53; to show that no trust results to the father, when he purchases land in the name of the son; and that as between strangers, no trust resulted unless the money was advanced at the time the purchase was made.

FISHER, J., delivered the opinion of the court.

The bill alleges that the complainant purchased at a sale under a decree of the Probate Court of Lowndes county, the land in controversy, in the name of his son Andrew; that the deed was accordingly made to him, and he gave his note with the complainant as security for the purchase-money; that the object of the purchase in this manner was for the complainant's son Andrew, to have one-half of the land, and another son of the complainant to have the balance. The bill further avers that the complainant has since paid the purchase-money, and hence it is contended that a trust resulted to him.

We differ with counsel on this point. The law presumes in regard to such transactions between parent and child, that an advancement was intended. But aside from this rule, a trust only results where the money was actually paid *at the time* of the purchase. 4 Kent, 317. In this instance, according to the allegations of the bill, the complainant was the security of his son, and we must suppose that he paid in that capacity; if so, he has his remedy against the son's estate.

It is next alleged that the son, just before his death, executed a deed, by which he conveyed the land to the father. This deed was never acknowledged, and the proof of its execution, to say the most for it, is conflicting. If the complainant wishes to claim under this deed, his remedy is ample at law. It may be true that he will meet with as much difficulty in making his proof in that

court as he has met with in a court of equity, but this is the very reason why equity should deny him relief. The case presents purely a question of fact, whether the complainant has acquired the legal title to the land; and the very nature of the case would seem to require the action of a jury, and not of a chancellor. Of course the deed does not convey the dower claimed by the widow, as she is not a party to the deed.

Decree affirmed.