W. P. ROBINSON ET AL. *v.* GREENWOOD LEFLORE ET AL.

1. RESULTING TRUST. *Principal and agent. Purchase-money.*
    The widow of a grantor in a trust deed, if she borrows money to purchase the land at the trustee's sale from a person who bids for her and takes title to himself as security, has a resulting trust upon which her heirs, after she has repaid most of the money, can maintain a bill to discover and pay the balance, enjoin her agent's heirs from prosecuting an action of ejectment, and divest their legal title.

2. SAME. *Statute of Frauds. Parol contract for trust.*
    The resulting trust, which arises in such case from the facts and the relations of the parties, is not destroyed by the verbal and therefore void contract that the lender of the money, who attends the sale accompanied by the widow and bids in the property, shall hold it in trust for her. *Miazza* v. *Yerger,* 53 Miss. 135, distinguished.

APPEAL from the Chancery Court of Grenada County.

Hon. J. B. MORGAN, Chancellor.

*J. E. Gwin,* for the appellant.

Eliminating the parol agreement leaves no case in the bill. That agreement is within the Statute of Frauds (Code 1871, § 2896), and parol evidence is not admissible to establish it. *Gibson* v. *Foote,* 40 Miss. 788; *Bartlett* v. *Pickersgill,* 1 Cox, 15. Part payment of the purchase-money, after the transaction, does not alter the case. *Beaman* v. *Buck,* 9 S. & M. 207; *Box* v. *Stanford,* 13 S. & M. 93; *McGuire* v. *Stevens,* 42 Miss. 724. The decision in *Miazza* v. *Yerger,* 53 Miss. 135, is conclusive. That case cannot be distinguished from this. A resulting trust, as there decided, is confined to cases where one party pays the purchase-money, and a deed is taken in the name of another, unless in exceptional cases, as, for instance, where trust money is used. *Gee* v. *Gee,* 32 Miss. 190; Story Eq. Jur. § 1201 *a;* Hill on Trustees, 91. Mrs. Leflore did not advance the money, and no trust resulted in her favor in the absence of a written agreement. *Botsford* v. *Burr,* 2 Johns. Ch. 405; Hill on Trustees, 96; 2 Sugden on Vendors, 431; 1 Perry on Trusts, §§ 134, 135; Adam's Eq. 33. In order to create a resulting trust, the money must be actually paid by the alleged *cestui que trust* out of his own or borrowed funds, or secured to be paid at or before the time of the purchase. *Botsford* v. *Burr,* 2 Johns. Ch. 405; *Steere* v. *Steere,* 5 Johns. Ch. 1; *Freeman* v. *Kelly,* Hoff. Ch. 90; *Rogers* v. *Murray,* 3 Paige, 390; *Foster* v. *Trustees,* 3 Ala. 302; *Mahorner* v. *Harrison,* 13 S. & M. 53; *Graves* v. *Dugan,* 6 Dana, 331; *Magee* v. *Magee,* 1 Penn. St. 405; *Page* v. *Page,* 8 N. H. 187; *Brooks* v. *Fowle,* 14 N. H. 248; *Conner* v. *Lewis,* 16 Maine, 268; *Pinnock* v. *Clough,* 16 Vt. 500; *Haines* v. *O'Conner,* 10 Watts, 313; *Gomez* v. *Tradesmen's Bank,* 4 Sandf. 102; *Buck* v. *Swazey,* 35 Maine, 41; *Lynch* v. *Cox,* 23 Penn. St. 265; *Olive* v. *Dougherty,* 3 G. Greene, 371; *Irwin* v. *Ivers,* 7 Ind. 308; *Whiting* v. *Gould,* 2 Wis. 552. Robinson's parol declarations that he was about to purchase for another, without proof of some previous advance of money, are obviously inadmissible, as they would go to establish, not a resulting, but an express trust in defiance of the Statute of Frauds. *Sidle* v. *Walters,* 5 Watts,

389; *Haines* v. *O'Conner*, 10 Watts, 313; *Blyholder* v. *Gilson*, 18 Penn. St. 134; *Smith* v. *Smith*, 27 Penn. St. 180.

*B. C. Adams, Jr.*, for the appellees.

If a purchaser at a foreclosure sale represents that he is bidding for another person, and competition is thus prevented, and the purchase is made on his own terms, equity will decree that he shall be a trustee for the person for whom he represented that he was acting. *Soggins* v. *Heard*, 31 Miss. 426; 1 Perry on Trusts, § 172. Facts are stated in the bill which entitle the complainants to relief. This is the material point. If an invalid contract is also alleged, that will not prevent the court from granting the relief which the facts stated render proper.

*R. H. Golladay*, on the same side.

This case is unlike the case of *Miazza* v. *Yerger*, 53 Miss. 135. A resulting trust is not destroyed by proof of an express contract or agreement, not in writing. Courts will enforce an implied trust, though it appears that what would be implied has been expressly agreed to verbally. This proposition is sustained by principle and authority. *Cotton* v. *Wood*, 25 Iowa, 43, 46, 47; *Barrows* v. *Bohan*, 41 Conn. 278; 1 Perry on Trusts, § 134. Robinson, the purchaser at the trust sale, will be held a trustee *ex maleficio*, and that too in strict conformity with the views of this court in *Miazza* v. *Yerger*, *ubi supra*. *Rothwell* v. *Dewees*, 2 Black, 613; 1 Perry on Trusts, § 215.

CHALMERS, C. J., delivered the opinion of the court.

The allegations of the bill, which is demurred to, may be thus stated. The lands of John D. Leflore, which were worth twenty thousand dollars, were bound by a trust deed for a debt of four thousand dollars. The debt maturing and remaining unpaid, the lands were advertised for sale by the trustee. Mrs. Leflore desired to purchase them, and for this purpose made an arrangement with Mr. Robinson to borrow the money from him, agreeing that for his indemnity the title when the sale took place should be vested in him, until such time as she could repay the loan. She and Robinson attended the sale together, and when it took place Robinson bid the amount due on the trust deed, proclaiming to the persons present that he was bidding for Mrs. Leflore. No other bid

was made, and a deed was made by the trustee to Robinson, according to the understanding between him and Mrs. Leflore. Very shortly afterwards, she repaid to him the greater part of the debt due to him, leaving a small portion only unpaid. Mrs. Leflore remained in possession of the land for many years, and up to the time of her death. Robinson is also now dead, and his children, taking advantage of the legal title vested in their father by the deed executed by the trustee, have brought an action of ejectment against the children of Mrs. Leflore to dispossess them of the land. This bill is brought by the Leflore children to enjoin the action of ejectment, and for the purpose of procuring a divestiture of title out of the heirs of Robinson, and its conveyance to themselves. The complainants allege that they are not advised as to the exact amount due on the debt of their mother to the father of the defendants, and they pray discovery as to said amount, and offer to pay it when made known. The bill is demurred to on the ground that it is an attempt to set up a trust springing out of a parol contract, and is therefore void under the Statute of Frauds.

In the case of *Miazza* v. *Yerger*, 53 Miss. 135, it was held that, while a trust which a court of equity will enforce may spring out of the relations of the parties, no such trust can arise by a parol contract between parties, and that wherever the claim is based solely on a parol agreement it must be treated as absolutely void. We do not consider the case at bar as resting on the contract of the parties, but as springing out of the facts alleged which show a purchase of the land with Mrs. Leflore's money, and make therefore a case of resulting trust. If the facts make out a case of resulting trust independently of the agreement, relief will not be denied because of the agreement; it being well settled that an invalid agreement cannot destroy an otherwise good cause of action, and this is no less true of resulting trusts than of other legal rights. *Barrows* v. *Bohan*, 41 Conn. 278; *Cotton* v. *Wood*, 25 Iowa, 43. We have said that the money invested in the purchase was the money of Mrs. Leflore, though actually handed to the trustee by Mr. Robinson, and this statement we think is clearly deducible from the allegations of the bill. The agreement was that Robinson should lend her the money to make the purchase for

herself. There was nothing illegal or void in this agreement. When the sale was cried Robinson made the bid, announcing, however, that he did so for her, or, in other words, that it was she, and not he, who was bidding, and that he was acting as her agent in calling aloud her bid. True, he handed the money to the trustee without passing it through her hands, but surely the rights of the parties are not to be sacrificed because they did not go through the idle ceremony of first delivering the money to her in order that she might at once hand it over to the trustee. The deed was executed to him as contemplated, but the fact that this had been agreed on did not affect the valid trust, which sprang out of the investment of her money in the land. That it was intended and regarded by the parties as a purchase with money which she had borrowed for the purpose from him is shown by her subsequent repayment of it. Robinson, and those claiming under him as volunteers, cannot now say that there was no loan, that she never owed him anything, and that he made the purchase for himself, accompanied only by a parol and therefore void contract that it should be held in trust for her.

*Decree affirmed.*