ELIZA MOORE *v.* ROBERT MOORE ET AL.

1. RESULTING TRUST. *Payment of purchase money.   Time of payment.*

The rule that a resulting trust in land can only arise in favor of a third person paying the purchase money, when it is paid "at the time of the purchase," means that the payment must be made at or before the time of the conveyance whereby the vendee acquires title.

2. SAME. *Case.*

Where one enters into a contract for the purchase of land, paying a part of the price, and giving his notes for the remainder, the payment of which is a condition precedent to the conveyance of the land, and his wife, upon a subsequent agreement that she shall be substituted as vendee, pays the notes, but the vendor, in ignorance of this arrangement, conveys the land to the husband, who fully recognized his wife's right to the land and often promised to correct the mistake, but died soon afterwards without having done so, a trust results in favor of the wife, and she is entitled to the land as against the husband's heirs at law, the payment by the wife, under the agreement stated, having been prior to the conveyance by the vendor.

FROM the chancery court of Claiborne county.

HON. CLAUDE PINTARD, Chancellor.

The opinion states the case.

*Brame & Alexander* and *J. McC. Martin*, for the appellant.

Where one enters into an executory agreement for the pur-
chase of land, and afterwards, before the title is conveyed to
him, uses the money of another to make payment, a trust re-
sults in favor of such other.    *Murry* v. *Sell*, 23 W. Va., 475;
*Mosteller* v. *Mosteller*, 40 Kan., 658; *Brown* v. *Cave*, 23 S.
C., 251, 257; *Gilchrist* v. *Brown*, 165 Pa., 275; *Rogers* v.
*Murry*, 3 Paige Ch., 389, 397.

It is not claimed by the appellant that a trust arises in favor
of one who advances money, as a loan, to the party taking the
title, or to pay off a lien or improve the property after he has
acquired title.    But it is insisted that one does arise where the
money of another is paid for the land before the title becomes
vested in the purchaser.    The case of *McCarroll* v. *Alexander*,
48 Miss., 128, relied on by opposing counsel, is not in point,
the money having been advanced in that case to take up an out-
standing obligation after the legal title had been conveyed.
The same may be said of *Brooks* v. *Shelton*, 54 Miss., 353,
which simply recognizes the general principle that the money
must have been paid "at the time of the purchase."    While
there is some uncertainty in the language of the decisions in
the several states where the question has been passed upon, it
may be said that, beginning with *Botsford* v. *Burr*, 2 Johns.
Ch., 406, it has been very generally held that, in order to es-
tablish a resulting trust, the money must have been paid at or
before the purchase was completed.

*E. S. & J. T. Drake*, for the appellees.

A resulting trust does not arise unless the money of the third
person was paid as his, and as a part of the original transac-
tion; or, if paid subsequently to the purchase, the funds were

applied under an agreement made at the time of the purchase. 10 Am. & Eng. Enc. L., 8; *Brooks* v. *Shelton*, 54 Miss., 353; *McCarroll* v. *Alexander*, 48 *Ib.*, 128. See, also, *Mahorner* v. *Harrison*, 13 Smed. & M., 53; *Bowman* v. *O'Reilly*, 31 Miss., 261; *Gee* v. *Gee*, 32 *Ib.*, 190; *Gibson* v. *Foote*, 40 *Ib.*, 788; *Hitt* v. *Applewhite* (MS. Op.).

WHITFIELD, J., delivered the opinion of the court.

Appellant, who is the widow of Henderson Moore, exhibited this bill against the appellees, who are the children and grand-children of Moore, seeking to establish a resulting trust in the tract of land described. The case made by the proof is this: Moore owned one tract of land, and his wife another. On February 11, 1882, he made an executory contract for the pur-chase of this land from Julius Weiss, paying him at that time $100, and executing his two notes, each for $107.50, payable, respectively, December 1, 1882, and December 1, 1883; the purchase price being $300, and the $15 excess in the two notes representing interest, and, at that date (February 11, 1882), received from Simon E. Marx (Julius Weiss' agent) a written paper acknowledging receipt of the $100 and the two notes aforesaid, and stating the terms of the executory contract of sale. Moore and his wife were negroes, living in Claiborne county, Miss., and Julius Weiss was a resident of New Or-leans, La. After the payment of the $100, Moore was stricken with rheumatism, and determined to forfeit the $100 and en-tirely abandon his contract of purchase. His wife, the appel-lant, was then, by agreement between them, substituted in his place as the purchaser of the land, and she was to pay the two notes, and a deed to the whole tract was to be made to her. Weiss was not informed of this change as to the purchaser. The wife did pay the two notes, but Weiss made the deed to Henderson, and mailed it to him, the deed being executed June 3, 1884. Moore, upon receipt of the deed, and afterwards, fully

recognized the wife's right to the land, and declared that his wife had paid for the land, that he had intended to have the deed made to her, but by mistake it had been made to him, and that he was going to have it "fixed next week," and (on his deathbed) that he wanted it "changed to her." He died before he could have the deed made to his wife.

It will be observed that the rights of third parties are not here involved. The paper of February 11, 1882, was not a deed. It was a mere receipt and executory contract for the sale of the land. Weiss himself says that it was a receipt for cash and two notes for purchase of the land, but no deed was to be made till the notes were paid. It must be noted that it was intended by both Henderson and his wife that the deed should be made to her to the whole of the land, and its not being so made was not due to any secret violation of fiduciary duty by Henderson—not due, in any sense, to fraud. Had it been, there would have been a case of constructive, not resulting, trust. 2 Pom. Eq. Jur., sec. 1031, note 3; Beach, Mod. Eq. Jur., § 215. It was due wholly to mistake, the parties living in different states.

The very able counsel for appellees insist that the payments by the wife were made after the purchase, and hence that no resulting trust arose, and quote 10 Am. & Eng. Enc. L., as follows: "In order to establish a resulting trust, it is necessary that the party paying the purchase money should have actually paid it, as his own, as a part of the original transaction." Counsel overlooked the last part of the sentence quoted, "at or before the time of the conveyance." The question is, what is meant, when it is sometimes loosely said that the consideration must be paid at or before the time of the purchase, by the phrase "the time of the purchase?"

We think the authorities clearly show that, in the case of an executory contract of purchase, where part is paid, and there are deferred installments of consideration to be met, that "the time of purchase" means, within the rule we are discussing,

the time of the execution of the conveyance passing the legal title. Mr. Beach thus lays down the rule (1 Beach, Mod. Eq. Jur., § 223): "A resulting trust must arise at the time of the execution of the conveyance. A subsequent payment will not, by relation, attach a trust to the original purchase. The trust, to exist, must be coeval with the deeds; and after one person has made a purchase with his own money or credit, no subsequent transaction, whether of payment or reimbursement, can produce such a trust in his favor. It is frequently said that, in order to create a resulting trust, a payment of the purchase money must be made at the time of the purchase; but by this it is only meant that the trust must arise from the original transaction, and at the time it takes place, and at no other time, and that it cannot be mingled or confounded with any subsequent dealings; that it is impossible to raise a resulting trust so as to divest the legal estate of the grantee or his heirs by the subsequent application of the funds of a third person to the satisfaction of the unpaid purchase money." Citing, in note 5, *Milner* v. *Freeman*, 40 Ark., 62.

The same doctrine precisely is laid down by Pomeroy. 2 Pom. Eq. Jur., sec. 1037; *Mosteller* v. *Mosteller*, 40 Kan., 658; *Murry* v. *Sell*, 23 W. Va., 475 (where the court say that while "a resulting trust cannot be raised by matter *ex post facto*," nevertheless, "until the purchase money is paid, and the conveyance executed, the contract is merely executory, and the vendor, in law, is still the owner of the lands," and this was a case where A first made an executory contract for the purchase of land, and, afterwards, before the purchase money was paid or the conveyance was executed, he agreed with B that, if he would enter into the purchase, and pay half, he should have half the land, and B complied, and the title was taken in A's name); *Gilchrist* v. *Brown*, 165 Pa. St., 275; *Rogers* v. *Murray*, 3 Paige's Chy., p. 397 (where the court say: "After the legal title has once passed to the grantee by the deed, it is impossible to raise a

resulting trust so as to divest the legal estate, by the subsequent application of the funds of a third person, to the improvement of the property or to satisfy the unpaid purchase money. The resulting trust must arise, if at all, at the time of the execution of the conveyance''), and *Brown* v. *Cave*, 23 S. C., 251, in which case, at page 257, the court say: '' When must the purchase be considered as having been made, when the minds of the parties first met in verbal agreement, or at the time the titles were executed? We take it that, in reference to the rule in question, we must consider the purchase made when it was consummated by conveyance. . . . We suppose that a payment made before the execution of the deed would, in the sense of the rule, be a payment at the time of the purchase.''

A careful analysis of our decisions upon this subject, attention being had to the facts of the cases, will show that they are in perfect harmony with this rule. Indeed, in *Alexander* v. *McCarroll*, 48 Miss., at page 136, the rule is announced in these very terms. Say the court: ''If a trust results at all, it must be at the time when the conveyance is made.'' But there Mrs. Alexander's $1,000 were used to pay the last of four annual installments, long after the '' conveyance '' had been executed to the husband, February 12, 1847; and in *Harvey* v. *Ledbetter*, 48 Miss., page 95, where the trust was established, the purchase money was paid, and the conveyance then made, at the time of the sale by the administrator *de bonis non*. And in *Brooks* v. *Shelton*, 54 Miss., 353, on this particular point, it clearly appeared that, ''in every instance, the real estate was bought, wholly or partially, on a credit, the notes of the husband having been given, and subsequently liquidated with the wife's means,'' and that the conveyances were all made when the sales occurred, and long before the liquidation of said notes.

In *Mahorner* v. *Harrison*, 13 Smed. & M., 53, it clearly appeared (see pages 64, 65) that '' the southeast quarter of section 33,'' the land as to which the trust was not established,

was purchased by Harrison with his own money, and the deed made to him, and, if Hooe ever "refunded the money, as a specific payment for that piece of land," it was after the conveyance; and the authorities cited, *Botsford* v. *Burr*, 2 Johns. Ch., 405, and *Rogers* v. *Murray*, 3 Paige, 390, the last already quoted from, announce the rule as we state it.

In *Bowman* v. *O'Reilly*, 31 Miss., 261, it was sought to establish a resulting trust in favor of the heirs of Philip O'Reilly, on the ground that his brother, Nicholas O'Reilly, had bought the land with Philip's money. The court held that it was not shown that the money "was paid by the individual means of Philip O'Reilly," and that, if it had been, it would have presented the "case merely of a purchaser who had used the means of another in purchasing lands for himself, which, though it would have rendered him a general debtor for the money used, would have created no lien upon the property purchased in favor of the person whose money had been used"—a case clearly, on the hypothesis stated, of a loan, not of one where the beneficial ownership of the land was, or was intended to have been, but in the person whose money was used. And in this case, also, it is clearly shown that the sale was on a credit to Nicholas O'Reilly, and the deed executed at the time of the sale.

In *Gee* v. *Gee*, 32 Miss., 190, it is expressly shown (page 191) that the father, the complainant, became surety for his son, A. L. Gee, on the note for the purchase money, but that the father never paid the money, as such surety, till some time after the conveyance, which was executed at the time of the sale to A. L. Gee. *Gibson* v. *Foote*, 40 Miss., 788, like the recent case of *Applewhite* v. *Hitt*, MS. op., was plainly stated to be the case of a loan. The husband "borrowed" the money of the wife, and purchased the land for himself. The court say: "The agreement to pay interest clearly shows that it was contemplated he should use the money on his own account." It thus manifestly appears that in all these cases

cited by the learned counsel for the appellees, the facts showed either a loan, or that the consideration was paid after the conveyance, where the trust was disallowed, or, when it was allowed, that the consideration was paid before the conveyance, in pursuance of the intention arising out of the transaction, that the party who thus furnished the money so paid before the conveyance, was to be the beneficial owner, in whole or in part, of the land; and that in *Alexander* v. *McCarroll, supra,* the court expressly declared the rule in the terms in which we have announced it.

In the case of *Blodgett* v. *Hildreth,* 103 Mass., 484, part of the consideration was paid before and several installments of it after the conveyance was executed, and that court (one of the ablest in the Union) held that the payment after the conveyance did not defeat the trust, the court saying (page 487): "It need not be money paid or advanced at the time of the conveyance. The mode, time and form in which the consideration was rendered are immaterial, provided they were in pursuance of the contract of purchase. It is sufficient if that which in fact formed the consideration of the deed moved from the party for whom the trust is claimed to exist, or was furnished in her behalf or upon her credit." We do not cite this case to approve it, but simply to show that a court of the highest ability has pushed the rule far beyond the necessities of this case.

But it may be well to note another striking phase of this case, differentiating it wholly from any of our decisions, but analogizing it strongly to the case of *Murry* v. *Sell, supra,* and that is this: That here, indisputably, the "transaction" which is the "original" one, as to the arising of this resulting trust on the facts of this record, was the transaction wherein Henderson Moore abandoned his "interest of purchase," and whereby his wife became the purchaser. Henderson gave up his contract—abandoned it—and had no further interest in the matter. Had matters remained thus, his payment would clearly have gone for nothing. Then, his contract of purchase having

been thus wholly abandoned, the wife became the intending purchaser of the whole beneficial interest in the land, by her agreement to pay the purchase money and take the title to the whole land, which payment, in pursuance of such agreement, she made. Clearly, she is entitled to the whole land.

*Reversed, and decree here.*