BROWNLEE, ADMR., ETC. *v.* BLOSSMAN GAS, INC.

No. 42490        January 7, 1963        148 So. 2d 202

*Curtis Breland,* Leakesville; *William Joel Blass,* Wiggins, for appellant.

*Rae Bryant,* Gulfport, for appellee.

McGehee, C. J.

On July 24, 1958, Albert L. Brownlee, a young man of about nineteen years of age, was killed in an automobile wreck on highway 42 about six or seven miles east of Richton in Perry County, Mississippi. The decedent was traveling east in his Dodge automobile when he met what is hereinafter referred to as the gas truck, traveling west. It was the theory of the plaintiffs that there was another automobile about forty feet east of the scene of the accident when the plaintiff's first witness, Major Brownlee, a cousin of the deceased, arrived at the scene; that this parked automobile was partly on and partly off the north lane of the blacktopped highway, extending about four and a half feet out onto the highway and that its right front wheel was jacked up. Major Brownlee, as a witness for the plaintiff, testified very positively as to this fact and another witness corroborrated him to the extent that this other car was there, but the other witness, who was either Banks Moody or Murdock Smith, testified that they did not notice the right front wheel of this other car being jacked up, since in passing they were not paying any attention as to whether it was or not. It is not shown whether they were on the opposite side from the right front wheel when passing it to go to the scene of the accident.

There was other testimony to the effect that at one time or another following the accident this other car, which was said to be a Chevrolet automobile belonging to a Mr. Byrd, did have a flat tire.

It was the theory of the plaintiff that since the gas truck was shown to be seven and a half or eight feet in width that it could not have passed the Byrd car if the same was located where Major Brownlee and the other witness said it was without crossing the centerline of the highway, that is to say, on Albert Brownlee's side of the road, since the north lane of the highway was only ten feet in width and nearly half of the same was occupied by the Byrd car.

We shall not undertake to discuss all of the testimony in the case in detail for the reason that the case will have to be retried and we do not want to make any comment on the weight and worth of the testimony.

But we think that we should state enough of the facts to justify our action in holding that this case was one for the determination of a jury and that the trial court was in error in granting a peremptory instruction in favor of the defendant. For instance, the jury would have been entitled to have believed Major Brownlee if it had no reason to disbelieve his testimony and that of the other witness as to the presence of the Byrd car partly in the north lane of the highway. Then, too, the proof by a number of the witnesses was to the effect that after Dodge automobile driven by the decedent had been completely wrecked and demolished, the tracks of the gas truck ran over the radiator, windshield and tires of the remains of the demolished Dodge automobile in which the dead boy had been riding, and that the truck had then struck the ground about the center of the highway before going off down an embankment on the north side of the north lane of the highway.

The occupants of the Byrd car, while admitting that after the accident the Byrd car had a flat tire, all con-

tended that the Byrd car did not arrive at the scene until after the accident but this merely presented a conflict in the testimony of Major Brownlee and the other witness to the contrary. There are usually one or more men in every community or area whom the jury would believe even though everyone else who knew anything about the facts in a case may have testified to the contrary. We don't know whether Major Brownlee was such a person in the opinion of the jurors or not. At any rate, we think that this case should be reversed and remanded in order that another jury may pass on all of the testimony in the case on the question of who was at fault in this accident.

In concluding this opinion we are constrained to make the observation that it is conceded by all parties that the driver of the gas truck was making a speed of forty to forty-five miles per hour and that it was drizzling rain; and that he saw the approaching Dodge automobile driven by Albert L. Brownlee about fifty yards or more before the accident, and that he admittedly did not put on his brakes, sound his horn or do anything except as he says to get out of the way of the Brownlee car and we think that a jury should determine whether or not he was guilty of any negligence on the occasion complained of.

It therefore follows that we are of the opinion that the case should be reversed and remanded for a new trial.

Reversed and remanded.

*Lee, P. J., and McElroy, Rodgers and Jones, JJ.,* concur.

ETHRIDGE, J., dissenting:

The theory of Brownlee's case is that defendant's truck was on the south or eastbound lane of the highway at the time of the collision. In my opinion, there was

no "substantially dependable evidence" to support this claim. The scintilla of evidence rule is not recognized in this state, and verdicts must be based upon substantial evidence which is reasonably believable. Yazoo and M. V. R. R. Co. v. Lamensdorf, 180 Miss. 426, 450, 177 So. 50, 178 So. 80 (1938).

The evidence does not support plaintiff's theory of the case. His main reliance is upon an assertion that about half of the Byrd car, before the accident, was parked on the highway in the north or westbound lane; the truck necessarily had to drive around it and over the center line in order to pass the Byrd vehicle; and the collision occurred at that point. To find a jury issue on this alleged fact would require reliance upon conjecture and surmise. The only living eyewitness, Manning, the truck driver, said the Byrd car came up after the accident, and was not there before it. All four living occupants of the Byrd car confirmed his testimony. Driving west, they saw at a distance fumes rising from the overturned truck, and drove up to help those injured. A jury has no right to disregard uncontradicted testimony of witnesses, who are not impeached either by direct or circumstantial evidence. Ryals v. Douglas, 205 Miss. 695, 39 So. 2d 311 (1949). The testimony of the Byrd group was not impeached. The majority opinion refers to a slight conflict in the evidence as to whether Byrd's car had a flat tire, but this is not on the key issue, namely, whether the Byrd vehicle was parked in that manner before the collision. All of the substantially believable evidence indicates that it was not.

On this point plaintiff must rely solely upon the testimony of his witness, Major Brownlee, a cousin of deceased, who said that, when he arrived, the Byrd car was parked partly on the highway east of the point of collision, with its right front wheel jacked up. Of course he knew nothing about the facts at the time of the collision. Nor did he know how long after it he arrived.

Mrs. Sowell, one of the occupants of the Byrd car, said he got there about five minutes after them, and they necessarily arrived, according to the uncontradicted evidence, several minutes after the collision.

Accepting Major's testimony as true, it would be the merest surmise and conjecture that the Byrd automobile was parked partly on the highway before the collision. The fact that it was jacked up eight to ten minutes after that would not justify an inference that it was there before the accident, particularly when Brownlee is contradicted by the unimpeached testimony of the four passengers in the Byrd car, and the truck driver. The majority opinion says the testimony of the occupants of the Byrd car (that they did not arrive until after the accident) "merely presented a conflict" with the testimony of Major Brownlee.

The significant fact is that Major did not have any knowledge of when the Byrd car got there, because he drove up five to ten minutes after the collision. Byrd had been present for several minutes. A decision that Major's testimony made an issue for the jury as to the location of the Byrd vehicle before the accident is not warranted because first, it is contrary to the established rule that the unimpeached testimony of credible witnesses must be accepted by the trier of fact, and, second, it must necessarily be based on surmise, conjecture, and a possibility, rather than a reasonable probability.

All of the witnesses, including the three for plaintiff, testified that, after the collision, Brownlee's automobile was about one-third to one-half over on the north or wrong side of the highway. This uncontradicted fact must be considered when the testimony of Smith, for plaintiff, is analyzed. Smith said he observed truck tracks which ran across the radiator and windshield of the car. Since Brownlee's vehicle was on the wrong side of the road at the time of the collision, according to the uncontradicted evidence, and since the rear tandem

wheels of the truck were knocked almost "completely loose", Manning's testimony that the car drove under the left rear, tandem wheels of his truck and knocked it in the air is entirely consistent. When he saw Brownlee's car coming over on his side, he drove the truck to the right and was substantially off the highway and was almost stopped at the moment of impact. Smith was the only witness who saw any tracks. His statement that he saw them in the center of the road does not identify them as belonging to defendant's truck, and, even if it did, their position would be consistent with Manning's uncontradicted evidence that the car drove across the line and under the left rear wheels of the truck, knocking them in the air.

The majority opinion states that the truck driver admitted that he did not put on his brakes, sound his horn, or "do anything" except to try to avoid Brownlee's car. The record reflects that he said he did not remember whether he slid his tires or sounded his horn, but he promptly began slowing down and moving to the right, and was almost stopped at the time of collision. This is uncontradicted.

In summary, this case is being remanded for a jury trial where the evidence as to negligence of defendant is, in my opinion, purely conjectural and speculative. Brownlee's evidence presents a possibility but not any reasonable probability, and on a new trial the controlling opinion authorizes the jury to disregard the unimpeached testimony of the four occupants of the Byrd car, contrary to the established rule, and to disregard the testimony of the truck driver, who was the only eye witness and whose testimony is not contradicted in any material particulars. Accordingly, I believe the trial judge was correct in giving a peremptory instruction for the defendant, and holding there was no issue of fact for the jury.

*Kyle and Gillespie, JJ.,* join in this dissent.