JONES, et al. *v.* LOVELL

No. 43260          January 11, 1965          170 So. 2d 431

*Howard C. Ross, Jr.,* Jackson, for appellants.

*Barnett, Montgomery, McClintock & · Cunningham,* Jackson, for appellee.

Etheridge, J.

In this case a child was adopted under the pre-1955 statute, and for his protection from an improvident adoptive father, who lated died, the mother purchased a home and had the deed made to her and the child, who died while still a minor and without children. The question is whether the property is inherited by the adoptive mother, the channel through which it came, or by the blood relatives of the child. We hold the adoptive mother gets the estate.

Mrs. Earnestine Dodge Jones and Mrs. Jean Dodge Copeland, appellants, were the sisters of the half blood of Ralph Dodge Lovell, who died in 1959. They brought this action in the Chancery Court of Hinds County against Mrs. Lavinia B. Lovell, appellee, seeking a partition by sale of a house and lot in the City of Jackson, which had been conveyed in 1955 to Mrs. Lovell and her adopted son, Ralph. These half sisters contended that they were the nearest heirs at law of their deceased half brother, Ralph, and thereby inherited each a one-half and his one-half interest. The chancery court dis-

missed their bill and cancelled their claims, thus finding for Mrs. Lovell, the adoptive mother.

Rufus Dodge was married twice. By his first wife he had two children, Mrs. Jones and Mrs. Copeland, the complainants. Subsequently, Rufus Dodge was married to another woman, and to him and the second wife was born Ralph Dodge. Rufus Dodge and his second wife were killed in an automobile accident in Kentucky in 1953. Ralph was injured, remained for a time in a hospital, and then was brought to the Jackson home of his aunt, Mrs. Lovell, where he recuperated.

By a decree of the Chancery Court of Hinds County, Mississippi of January 9, 1954, Mr. and Mrs. Lovell adopted Ralph, and his name was changed to Ralph Dodge Lovell. The adoption was made under section 1269, Mississippi Code Annotated (1942), prior to the 1955 act, which made a number of changes in adoption procedures and rights. Miss. Laws 1955, Ex. Sess., ch. 34; Miss. Code Ann. §§ 1269-02 to 1269-13 (1956). The Lovells did not readopt the child under the 1955 act. § 1269-07. After his parents' death, and before the adoption proceedings, Mrs. Lovell was appointed Ralph's guardian by the chancery court.

The adoption decree recited that Mr. and Mrs. Lovell desired to give ''to the child all the rights of a natural child, with a right of inheritance, and to be given all the rights and responsibilities of natural parents over said child.'' The decree gave the adoptive parents ''all the rights, powers, control and responsibilities of natural parents for the support'' of the child, ''the same as though they were the natural parents'' of Ralph, and he ''was their natural son.'' It further conferred upon the minor ''all rights of inheritance as a natural son and heir at law of his foster parents.'' Ralph ''was vested with all the rights and privileges of an heir at law'' of the Lovells, ''the same as though he was their natural son.''

In 1955 Mr. Lovell's business and financial affairs were in a "very bad state." He began to drink and gamble, losing his money and the Lovell's home because of these deficiencies. Mrs. Lovell, who was employed, wanted to provide a home for them, so she purchased a small place in south Jackson. She negotiated for it and arranged to assume the existing loan. In the event of her death, she wanted to prevent Mr. Lovell from selling the home "from out under" Ralph. On January 31, 1955, and at her request, the owners conveyed the property by warranty deed to Mrs. Lovell and Ralph D. Lovell. It recited a consideration of ten dollars and the assumption by the grantees of the balance of a debt ($3804.95), secured by deed of trust, to a savings and loan association.

At the time of the deed in 1955, Ralph was thirteen years of age, and had no monetary estate. As a minor he could not validly assume the debt. Mrs. Lovell assumed it, made the monthly payments, and at the time of the trial of this case in 1964 was still making installment payments on the house. Mrs. Lovell said she had Ralph named as one of the grantees in order to protect him from dissipation and sale of the house by the adoptive father, in the event she died first. When the property was purchased, she told Ralph what she had done and why she did it. In 1956 Mrs. Lovell and her husband were divorced. He has since died, on a date not reflected by the record. On August 29, 1959 Ralph Dodge Lovell died by drowning.

This suit was brought in 1963 by Mrs. Jones and Mrs. Copeland, Ralph's sisters of the half blood. The bill of complaint averred the transfer to him of a half interest in the property in 1955, they were his only heirs at law, each inherited a half of his one-half interest, and prayed for a partition by sale. Mrs. Lovell denied that complainants have any interest. She asserted that she paid the entire consideration, that Ralph paid none

of it and had no capacity to assume it, being then a minor; and that the one-half interest actually vested in Ralph as trustee for Mrs. Lovell. By cross bill, Mrs. Lovell averred that she supplied the entire consideration for the purchase, and that Ralph became the owner of an undivided one-half interest in the property as trustee for her. There was no intent to make a gift to him, but a purpose solely to protect him in the event of her death prior to that of her then husband and the adoptive father.

The chancellor found that defendant from her own funds purchased the land, and Ralph did nothing in acquiring or paying its purchase price. If it had not been for the adoption, Ralph would not have acquired any interest in the property, thus making his interest in it come through his adoptive mother. Hence the trial court held that upon Ralph's death, his adoptive mother, not the complainants, inherited the property. "The inheritance, as a matter of right, should come back through the channels through which it came." The original bill was dismissed, and Mrs. Lovell was granted relief on her cross bill, cancelling the claims of appellants and adjudging her to be the owner.

The adoption act in effect at the time of Ralph's adoption in 1953 contained some procedural provisions additional to those of the pertinent statute involved in Brewer v. Browning, 115 Miss. 358, 76 So. 267 (1917), but the changes were not material. *Brewer* overruled Fisher v. Browning, 107 Miss. 729, 66 So. 132 (1914).

The *Brewer* rule is applicable here: Where a child is adopted, made an heir at law of the adopting parents, and receives from them property by reason of that artificial relationship, either by inheritance or transfer other than by a gift, and for a limited purpose, and such child dies without children, the property goes back to the channel from which it came. The child's blood relations do not inherit the property received in

these ways solely by virtue of the adoption proceedings.
■■ *Brewer* involved an inheritance by the adopted child from one of the adoptive parents. The instant case concerns a purchase by the adoptive mother of a homestead, and at her instance the conveyance of a one-half interest to the adopted child for the sole purpose of protecting him from the improvidence of his adoptive father. The adoptive mother, the other grantee in the deed, provided the entire consideration. The reasons for the rule in each case are the same: Receipt of the property by the adopted child solely because of the adoption requires reciprocity in the relationship. It is not equitable or fair that strangers of the blood of the adopting parent should benefit from a status to which they are not a party. The rule is one of equity based upon implications from the terms of the adoption statute. The adoptive parent inherits from the child under either of the stated circumstances.

Although not a specific issue in the case, Sledge v. Floyd, 139 Miss. 398, 407-408, 104 So. 163 (1925), recognized and restated the *Brewer* rule. See Humphries v. Davis, 100 Ind. 274 (1884); Note, 23 Miss. L.J. 34, 37 (1951); McFarlane, The Mississippi Law of Adoptions, 10 Miss. L.J. 239, 246 (1938); Note, 3 Miss. L.J. 238 (1931); 2 Am. Jur. 2d *Adoptions* § 101 (1962); 2 C. J. S. *Adoption of Children* § 64 (1936); *cf.* Robertshaw, Mississippi's New Adoption Law, 27 Miss. L.J. 32 (1955).

In view of this disposition of the appeal, we do not consider the question of a resulting trust. See Ryals v. Douglas, 205 Miss. 695, 39 So. 2d 311 (1949); Restatement (Second), Trusts § 440 (1959); Miss. Code Ann. §§ 468, 469 (1956) (inheritance of land). This was not an inter vivos gift, but a placing of one-half of the title in the child for a limited purpose, his protection in the event the adoptive mother predeceased him.

Affirmed.

*Lee, C. J., and Gillespie, Jones and Brady, JJ.,* concur.