MARTIN *v.* RUSSELL *et al.*

(Division B.   Jan. 18, 1943.   Suggestion of Error Overruled Feb. 15, 1943.)

[11 So. (2d) 434.   No. 35210.]

Lyle V. Corey, of Meridian, for appellant.

**J. M. Travis,** of Meridian, and **Homer Currie,** of Raleigh, for appellees.

Argued orally by **Lyle V. Corey**, for appellant, and by **J. M. Travis**, for appellees.

**Griffith, J.,** delivered the opinion of the court.

In 1919 S. D. Russell, Jr., conveyed the land here in controversy to his son S. J. Russell, one of appellees, the grantee being then about six years of age. The deed was delivered to the son, but his mother thereupon took and kept it for him. This deed was not recorded until 1936, or until the grantee had become about twenty-three years of age.

In 1929 S. D. Russell, Jr., conveyed the land to Poore, who was at the time a tenant thereon. The ostensible vendee paid nothing on the alleged purchase price, but instead he and his wife on the same day gave a deed of trust on the land to a bank for the face amount of the purchase price. Poore did not subsequently pay a cent upon the supposed obligation to the bank, and the evidence shows that he was never out of pocket in any amount whatever on account of the transaction; and in about two years he abandoned the premises, taking with him his personal property which was small in amount and value.

Appellant in attempting to establish title in himself, wherein the conveyance from S. D. Russell, Jr., to Poore is an essential link, averred and sought to prove that Poore was an innocent purchaser for value without notice. There was sufficient proof on behalf of the son to sustain the finding by the chancellor that Poore had notice of the title in the son, but aside from this the evidence discloses that Poore was not a purchaser for value. It is not enough to sustain the affirmative of that issue to show that security was given for the alleged valuable consideration, Parker v. Foy, 43 Miss. 260, 265, 5 Am. Rep. 484, unless the security has been transferred to a third party for value without notice. 66 C. J., pp. 1109, 1110, Sec. 934.

And this brings us to the question whether it was sufficiently shown that the bank took the security for value without notice. The bank subsequently foreclosed

the deed of trust, and the trustee's deed conveyed the land to the bank's liquidator, who conveyed it to appellant, but after appellee's deed had been recorded. No person connected with the bank at the time and who would have dependable knowledge of the transaction was called to testify, nor did S. D. Russell, Jr., appear as a witness. What the bank did with the proceeds of the deed of trust, and whether in fact there were any proceeds, or whether the bank laid out anything on account thereof, is not disclosed by the record. The deed of trust or a copy thereof is not shown. So far as anything of a dependable nature appears, the bank may have taken the deed of trust as additional security for debts already owed to it by S. D. Russell, Jr. And this is not a valuable consideration. 1 Jones on Mortgages (8 Ed.), p. 770.

It is true that Poore testified that at the time he gave the deed of trust to the bank, the bank "gave Mr. Russell credit for it." But his further statements showed that he didn't even know to what bank he gave the deed of trust, and his testimony in regard to the bank transactions is so confusing and so deficient in cogency that there is nothing in it upon which a court could safely act as the reference made to it by the chancellor in his opinion points out, and especially so when it is remembered that no person from the bank, and who would know the real facts, appeared as a witness, which we must assume they would have been required to do had the facts been such as to sustain the bank as a purchaser for value within the rules governing that subject.

Affirmed.