SMITH, Justice.
William Troy Buckalew appeals from a decree of the Chancery Court of Pearl River County adjudging him to be in contempt for failure to comply with a decree of that court entered October 20, 1964. Under the terms of the earlier decree, ap-pellee, Mary Helen (Buckalew) Stewart, his then wife, had been granted a divorce, awarded custody of their minor children, and he had been directed to make certain weekly payments for the support of the children.
The decree appealed from, adjudging him to be in contempt, was entered following a hearing upon a petition filed by ap-pellee on February 14, 1967, praying that he be cited for contempt for having failed to make the payments for child support ordered in the 1964 decree.
The provision for child support, with which it was alleged appellant had failed to comply, quoted in its entirety as it appears in the 1964 decree, is as follows:
It is further ordered, adjudged and decreed that defendant pay a reasonable amount each week, $30.00, for the support of these minor children, and that complainant be awarded all of equity in property jointly owned by them, and that one-half of said amount be credited in advance calculated at 30.00 per week. (Emphasis added.)
Appellant answered the petition, denied that he was delinquent, claimed credit for cash payments he had made as well as for the credit allowed by the terms of the 1964 decree by reason of the award of the “jointly owned” property to appellee.
Appellee responded to the “affirmative” matter contained in appellant’s answer, and alleged, among other things, that appellant’s “equity” in the property “jointly owned” was worthless as it was subject to the liens of several enrolled judgments outstanding against him.
*561 At the hearing, no witness testified for either side, and the chancellor heard the matter upon the pleadings, the exhibits thereto, and a brief stipulation as to certain facts.
Although many of the relevant facts were inadequately developed and the record affords but meager information regarding the circumstances, it appears to be undisputed that, at the time of the divorce proceedings, appellant and appellee, husband and wife, owned a 178 acre farm on which there was a 6 room dwelling, in which they lived, a dairy barn and other farm buildings. This property, on the date of the 1964 decree, had a value of $17,800 and had been purchased with money borrowed through the Farmers Home Administration. Payments on this indebtedness had been made (the record does not show by whom, whether by appellant or appel-lee) which had reduced the mortgage debt to $13,000.
A determination of the appeal requires an interpretation of the provision in the 1964 decree directing that appellant pay $30.00 per week as child support and that complainant (appellee) be awarded all of the property “jointly owned” by them (ap-pellee and appellant) and “that one half of said amount be credited in advance calculated at $30.00 per week.”
Appellee contends that this provision was intended to and did have the effect of divesting appellant of title to his interest in the farm home property and of vesting such title in her. Moreover, appel-lee argues, it was contemplated by the court in making the decree that appellant’s “equity” would be worth $2,400, or one half of the $4,800 difference between the $17,800 value and the $13,000 balance due Farmers Home Administration. She asserts further that the credit to which appellant was entitled because of the award of his equity to her was limited to the value of one half of the amount by which the value of the property exceeded the balance of the mortgage debt. Obviously, nothing like this is embodied in the decree and this view requires reading into it several material provisions it does not actually contain.
Appellee concedes, moreover, that appellant has made cash payments and, if given credit for one half of the “equity” (even at her figure of $2,400), he has substantially overpaid the amount due. She seeks to avoid the consequences of this admission by asserting in her final pleading (she did not mention it in her original petition) that appellant’s “equity” actually had no value because it was incumbered by the liens of enrolled judgments obtained against him by his creditors, the amount of which exceeded $2,400. She further concedes, however, that she and her “present” husband and presumably the children, remain in possession, and that she and her husband currently are making the mortgage payments to Farmers Home Administration. Although several years elapsed between the decree and the filing of the contempt petition, it is nowhere suggested that the property has been taken on execution on the judgments or that either her possession or enjoyment of the property has, in anywise, or to any extent, been disturbed or interfered with because of the judgments.
This Court has held that the chancellor is without power, by judicial fiat, in making support awards in domestic relations cases, to divest title to realty out of one spouse and vest it in the other.
In Windham v. Windham, 218 Miss. 547, 67 So.2d 467, 471, 472 (1953) this Court quoted with approval from McCraney v. McCraney, 208 Miss. 105, 43 So.2d 872, 873, (1950) as follows:
[W]e know of no authority for a court to divest the husband of the title to his property and to vest the title in the wife by judicial fiat or decree.
In Windham, this Court went on to say:
The attempt of the decree in this case, in and of itself, to divest out of the *562 husband and wife and invest in the other a one-half interest and title to their respective real properties was ineffectual as a transmission of title.
The court may impress a lien upon property to secure payment of support awards, or he may order the surrender of the possession of a family home to a wife and children as an incident to their support by way of providing- necessary shelter or lodging. In the latter case, credit reasonably may be allowed by the court on the sum, which otherwise might be necessary, commensurate with the value of the lodging so provided. In the present case, the farm home property also was capable of producing income.
In the year following that in which the support order had been entered, apparently recognizing that possession rather than title had passed to appellee under the “award” in the decree, appellant executed and appellee accepted a warranty deed conveying to her his interest in the farm, subject to the Farmers Home Administration mortgage which she assumed. The judgments were not mentioned. It is to be noted that neither the decree nor the deed purported to transfer any interest in the property to the children, and appellee now owns the farm, which she is free to convey away if she should choose to do so.
We have concluded that, although the decree is ambiguous with respect to the “award” of the family home property to appellee, it does sufficiently appear that the overall purpose of the paragraph was to provide for the support of the children. This necessarily contemplated a provision for shelter or lodging. The only “amount” referred to in the quoted paragraph is the $30.00 weekly allowance for the support of the children. We find no reasonable support for the view, urged by appellee, that the word “amount” referred, not to the $30.00 per week, but to an unliquidated sum representing the value of appellant’s equity in the “jointly owned” property. The decree appealed from, adjudging the appellant to be in contempt for failure to comply with the 1964 decree, can be upheld only upon the basis of a failure on appellant’s part to comply with some specific mandate actually contained in it and spelled out in the decree itself with reasonable clarity.
The trial court predicated appellant’s conviction of contempt squarely upon the proposition urged by appellee to the effect that appellant’s equity in the “jointly owned” property was subject to the liens of the judgments obtained against him by his creditors and that this rendered his equity of no value. With this theory we cannot agree. Although the court “awarded” the property to appellee rather than to the children, he allowed credit to appellant therefor on the sum found to be necessary for the latters’ support. We think it a more reasonable view that the “amount” referred to in the decree was the $30.00 per week, that being the only amount mentioned, and not to the unliqui-dated value of appellant’s interest in the property, title to which the court was without power to award to appellee. This is consistent with an overall purpose on the part of the court to provide for the children by awarding the use and possession of the house to their mother, to whom he had also granted their custody. That this was incidental to the support of the children is further reflected by the fact that it was also directed that credit be allowed for it on the amount fixed as reasonably necessary for such support.
Appellee and the children continue to enjoy the exclusive use and occupancy of the farm house. No title to the fee passed to appellee or to the children under the decree, and such title (as distinguished from use and possession), as appellee now has was acquired by her under the warranty deed executed by appellant the following year. If, as argued by appellee, the judgments against appellant constitute valid liens upon the property, (the record will support a reasonable inference that the property may have been exempt from ex- *563 edition as a homestead) appellee’s remedy is by action for breach of warranty, but even that ordinarily may not anticipate but must await an actual loss or interference with possession before recovery may be had.
The conviction of contempt must be reversed and appellant discharged.
In Bunkley and Morse’s Amis, On Divorce And Separation in Mississippi section 6.08 (1957), in discussing alimony it is stated:
In all cases of a continuing allowance, the court is authorized by statute to modify the decree to meet changed conditions as they may arise. Hence, future contingencies are not relevant considerations.
The principle would appear to have some relevancy to the situation disclosed by the present record. Since the pleadings suggest changed conditions and request modification of the 1964 decree with respect to the support allowance the case will be remanded for an evidentiary hearing and a decree, to take effect prospectively, making reasonable provision for the support of the unmarried minor children of the parties. The court will take into consideration at this hearing the present needs of the children and the circumstances and financial ability (or lack of it) of appellant. Since appellant has relinquished the farm and is handicapped by the enrolled judgments against him, the court may also consider the relative income and financial circumstances of the wife, ap-pellee, and, if it should be found to be equitable and just to do so, may require her to contribute a fair proportion of such amount as may be found to be reasonably necessary for the support of the children. Bunkley and Morse’s Amis, On Divorce And Separation in Mississippi section 9.00 (1957); Mississippi Code 1942 Annotated section 2743 (1956).
The decree of the Lower Court is reversed, appellant is discharged of contempt, and the case is remanded for an evidentiary hearing with respect to the support of the children and for the entry of a decree, with prospective effect, providing therefor,
ETHRIDGE, C. J., and PATTERSON, INZER and ROBERTSON, JJ., concur.