236 So.2d 430 (1970)
Mrs. Corrinne STEVENS
v.
Mrs. Elsie N. HILL, Mrs. Helen Gertrude Hill Gilchrist, Mrs. Hattie Lee Hill Ross Byrd, Mrs. Mary Ann Hill Canale, Anna Nordman and Basil Richmond.
No. 45851.
Supreme Court of Mississippi.
June 8, 1970.
*431 Freeland & Gafford, Oxford, for appellant.
Roberts & Craig, Oxford, for appellees.
*432 GILLESPIE, Presiding Justice.
The central issue in this case is whether the payment by Mrs. Corrinne Stevens of the purchase price for real property, to which title was taken in the name of another, created a resulting trust. We hold that it did. A subsidiary question is whether Basil Richmond, one of the appellees, was a bona fide purchaser of the property for value without notice of the trust. We hold that he was not.
Mrs. Stevens, her husband and G.E. Hill became partners in a beauty supply business about 1936 in Memphis, Tennessee, where both their homes and business were located. In 1950 the members of the partnership leased Lots Nine and Ten, Twin Ridge Subdivision on Sardis Lake in Lafayette County, Mississippi, from the United States Government. Lot Nine was leased to G.E. Hill while Lot Ten was in Mrs. Stevens' name. The lease to Lot Ten was allowed to lapse and therefore only Lot Nine is involved in this suit. The cost of the vacation cabin, constructed upon Lot Nine shortly after purchase, was paid equally by Mrs. Stevens and Hill, whose families and business customers used the facility for a period of time.
In December 1950 Hill in the presence of a number of witnesses presented Mrs. Stevens a document described by him to be "clear title to the cabin at Sardis." Although the document purportedly assigned the lease to Mrs. Stevens, it contained an erroneous description of the lot. About 1952 Mr. Hill sold his interest in the business partnership to the Stevens; in 1956 Hill moved to Oklahoma to return to Memphis only once.
In 1959 the Government, which had never consented to the assignment of the lease to Mrs. Stevens, offered the property for sale to the named lessee only. It was, however, Mrs. Stevens who paid the purchase price of $635 and who on May 21, 1959, took delivery of a deed in which G.E. Hill was designated as grantee. She kept the deed until it was recorded on March 10, 1961. As far as the record reveals Hill had no knowledge of the deed from the Government. After 1959 Mrs. Stevens paid the taxes assessed to Hill on the property, and she continued to use the property until a quitclaim deed was executed by the heirs of Hill to Basil Richmond on January 31, 1968. The quitclaim deed was subsequently filed of record. Thereafter Richmond brought suit against Mrs. Stevens to remove her claim as a cloud on his title; Mrs. Stevens filed a cross bill to confirm her title as against the Hill heirs and Richmond. After a hearing on the merits the chancellor held that since the December 1950 assignment of the lease to Mrs. Stevens was not recorded in Lafayette County, Mississippi, and contained an erroneous description, it did not constitute notice of Mrs. Stevens' claim. The chancellor found that following the execution of the deed from the Government to Hill, Mrs. Stevens acted in good faith in claiming ownership of the property; that no evidence was presented to show permission (as was required in the original lease to Hill) from the Government for the attempted assignment of the lease from Hill to Mrs. Stevens; that though the deed was in the name of G.E. Hill, Mrs. Stevens paid to the Government the full purchase price for the lot. The chancellor declined, however, to impress a resulting trust on the grounds that the proof did not show that Hill had considered the transaction as one creating a resulting trust. In ordering Richmond to refund the purchase price to Mrs. Stevens whose claim to the property was canceled, the final decree confirmed title to the property in Richmond subject to a purchase money deed of trust for $6,000 given to the heirs of Hill by Richmond.
The reason assigned by the chancellor in refusing to hold that a resulting trust arose was that Hill did not so agree. We are of the opinion that the chancellor thus erred as a matter of law.
It is the general rule in this state and elsewhere that when a transfer of property *433 is made to one person and the purchase price is paid by another, a resulting trust arises in favor of the person who pays the purchase price. Ryals v. Douglas, 205 Miss. 695, 39 So.2d 311 (1949); V Scott, Trusts § 440 (3d Ed. 1967); Restatement (Second) of Trusts § 440 (2d Ed. 1959). The presumption or inference that a resulting trust so arises is subject to rebuttal by evidence that (1) the person who paid the purchase price manifested an intention that no resulting trust should arise, (2) the payor intended to make a gift or a loan to the transferee, (3) the payment was in discharge of a debt, (4) title was taken in the name of a relative, or (5) the purpose for placing title in the transferee was to further an unlawful purpose. Restatement (Second) of Trusts § 441 (2d Ed. 1959). The burden is upon the transferee to establish that he was to receive the beneficial interest. Scott, supra. In the case at bar no proof was presented to invoke the exceptions enumerated above as (2) through (5); exception (1) is reserved for comment later in this opinion.
It is well settled that under the aforesaid circumstances a resulting trust arises even though the transferee possessed no knowledge of the transfer. A resulting trust arises because of the presumed intention of the payor not to make a gift to the transferee, rather than the intention of the transferee to hold the property under trust. Restatement (Second) of Trusts § 440, Comment f, supra. One of the purposes of this rule is to prevent the unjust enrichment of the transferee who would otherwise be permitted to hold property even though the person who paid the purchase price did not intend to grant him the beneficial interest. Scott, supra. Since the resulting trust arises despite transferee's lack of knowledge of the transfer, it follows that the consent of the transferee is not necessary for the creation of a resulting trust. Thomas v. Thomas, 62 Miss. 531 (1885); Bogert, Trusts § 454 (2d Ed. 1964).
We now consider whether the signing by Mrs. Stevens of a contract for electrical power service as the tenant of Hill constitutes a manifestation of her intention that no trust should arise. Mrs. Stevens had applied for electrical service on the property involved in this case prior to April 28, 1961, on which date both Hill and Mrs. Stevens entered into a contract for such service with the Northeast Mississippi Electric Power Association. In the document prepared by the Association in which G.E. Hill was designated as the owner and Mrs. Stevens as the tenant, it was agreed that upon extension of the power lines to the property the minimum power bill for five years would be $25 per month and that such would constitute a lien on the land. Mr. Smith of the Power Association requested to see the deed to the property from the Government to Hill; this was the occasion for recording that deed. It is noted that the service contract, signed about two years after the Government deed to G.E. Hill, involved nothing more than the obtaining of electrical service for the cabin. In deciding this issue favorably to Mrs. Stevens, the chancellor said, "Now the answer to that, and it is correct I am sure, is that she did not realize the legal significance to that." It seems clear to us, as indicated by the chancellor, that it meant nothing to Mrs. Stevens that she signed the contract as tenant. Desiring electrical service, Mrs. Stevens did what the Power Association told her was necessary to be done. In our opinion this circumstance is not sufficient to amount to a manifestation that Mrs. Stevens intended that Hill should have the beneficial interest in the property. If the trust arose, it did so when Mrs. Stevens paid the purchase price and took title to the property in Hill's name. This event occurred two years before the execution of electrical service contract.
The remaining question before this Court is whether Richmond was a bona fide purchaser for value without notice of the claim of Mrs. Stevens. At the time Richmond received the quitclaim deed from *434 the Hill heirs, the record title was in the name of G.E. Hill. Richmond executed a deed of trust to the Hill heirs for $6,000 securing the purchase price of the property. The following facts are undisputed: (1) Richmond knew of Mrs. Stevens, had known G.E. Hill for many years and was aware that Hill and Mrs. Stevens were business partners and the three sons-in-law of G.E. Hill were close friends of Richmond; (2) before the purchase Richmond examined the tax rolls and ascertained that Mrs. Stevens had been paying taxes on the property; (3) prior to the purchase Richmond was aware that none of the Hills had been on the property for a number of years, but made no inquiry as to possession of the property. Richmond was asked on cross examination if it were not a fact that there existed an agreement whereby he would not pay the six thousand dollar deed of trust given to the Hill heirs for the quitclaim deed unless he won this law suit; his attorney's objection to this question was sustained. While Richmond claims the protection afforded a bona fide purchaser for value without notice, he at the same time refused to answer whether he would have to pay the deed of trust in the event of failure to win the present law suit.
We are of the opinion that as a matter of law Richmond is not a bona fide purchaser for value without notice of Mrs. Stevens' claim. Mrs. Stevens was in possession of the property and Richmond made no inquiry as to who was in possession. The proof is ample that had inquiry been made, Richmond would have been informed of Mrs. Stevens' claim to the property. Possession of real estate is constructive notice of the title in the occupant to the same extent as that imputed by the record of a deed to him thereto. Gulf Refining Co. v. Travis, 201 Miss. 336, 29 So.2d 100 (1947). Any notice sufficient to incite a party to inquiry is equivalent in law to notice of those further relevant facts which such inquiry, if pursued with reasonable diligence, would have disclosed. Crawford v. Brown, 215 Miss. 489, 61 So.2d 344 (1952). Although the burden was upon him, Richmond did not prove that he paid a valuable consideration for the property  an essential to the claim of one asserting to be a bona fide purchaser for value without notice. 55 Am. Jur., Vendor and Purchaser § 781 (1946).
In Martin v. Russell, 193 Miss. 825, 11 So.2d 434 (1942), it was stated that:
It is not enough to sustain the affirmative of that issue to show that security was given for the alleged valuable consideration, Parker v. Foy, 43 Miss. 260, 265, 5 Am.Rep. 484, unless the security has been transferred to a third party for value without notice. (193 Miss. at 829, 11 So.2d at 435.)
Considering the facts found by the chancellor and the undisputed evidence, Richmond's bill of complaint is dismissed and the cross bill of Mrs. Stevens is sustained.
Reversed and rendered.
RODGERS, JONES, BRADY and SMITH, JJ., concur.