609 So.2d 422 (1992)
BANK OF MISSISSIPPI, a Mississippi Banking Corporation
v.
Wayne HOLLINGSWORTH and Debbie Hollingsworth.
No. 90-CA-44.
Supreme Court of Mississippi.
October 8, 1992.
Rehearing Denied December 31, 1992.
M. Ronald Doleac, Hattiesburg, for appellant.
Dan C. Taylor, Ellisville, for appellee.
Gee Ogletree, Sandra C. Bradshaw, Young Scanlon & Sessums, Jackson, for amicus curiae.
Before HAWKINS, P.J., and SULLIVAN and BANKS, JJ.
*423 BANKS, Justice, for the court:
This case concerns an application of the well-established doctrine that physical presence is an indicia of ownership, which may override record title with respect to subsequent purchasers. Here, application of the doctrine serves to defeat a deed of trust filed prior in time to a deed of conveyance to a third party, where the third party had taken possession in a manner sufficient to put the lender on notice that ownership may not be accurately reflected by the deeds of record.

I
On June 16, 1989, in the Chancery Court of Jones County, First Judicial District, Wayne and Debbie Hollingsworth (Hollingsworths) filed a complaint for Injunction and Partial Cancellation of Deed In Trust against the Bank of Mississippi (Bank). The complaint alleged that on April 11, 1983, Mamie Walters Robinson, now deceased, conveyed by warranty deed a certain parcel consisting of approximately 27 acres to the Hollingsworths. On January 24, 1984, William Robinson, Frances E. Robinson and Mamie Walters Robinson executed a deed of trust to James McKenzie, as trustee for the Bank, and recorded the same in the Jones County Chancery Clerk's Office on January 27, 1984, conveying three parcels, consisting of approximately 60 acres, including 18 of the acres previously conveyed to the Hollingsworths.
The Hollingsworths did not record their deed until April 30, 1985. They alleged in their complaint, however, that at all times after April 1, 1983, they "were in open and obvious actual occupancy and possession" of the 18 acres.
The Hollingsworths moved the court for a temporary restraining order without notice to prevent the bank from foreclosing the deed of trust lien. On June 19, 1989, the Chancellor granted the Hollingsworths a Temporary Restraining Order against the Bank and enjoined them from foreclosing on the property in question.
The Bank answered the Hollingsworths' complaint by moving to dismiss for failure to state a cause of action upon which relief could be granted. Additionally, the Bank answered that they filed their deed of trust lien for record on January 27, 1984, prior to the Hollingsworths' Warranty Deed, thus giving the Hollingsworths constructive notice that the Bank had a deed of trust lien on the subject property. The Bank moved for damages and losses as a result of the Restraining Order granted without notice.
On December 6, 1989, following a trial of the matter on July 18, 1989, the Chancellor entered an order granting a permanent injunction against foreclosure and partial cancellation of the Bank's deed of trust lien as to 18 acres. The Chancellor found that the property had been enclosed by a fence in 1983, prior to the deed of trust being recorded, and that the fence was visible to any one making a physical inspection of the premises. He held that by enclosing the property inside a fence, the Hollingsworths came into possession of the property, prior to the execution of the deed of trust by Mamie Robinson. He further held that had the bank conducted a reasonable inspection of the property, the Bank would have been on notice that someone had the tract of land fenced and enclosed with an adjacent tract. Therefore, a reasonable inquiry into "this act of possession may have revealed the existence of the unrecorded deed, or, at least, put the bank on notice that someone else may be claiming title to the 18-acre tract." The Chancellor held that as a result of the Bank's failure to make a reasonable inspection and inquiry, it is barred from claiming any benefits under the recording statute because possession by someone other than the grantor would constitute actual notice to the lender. The chancellor cancelled the deed of trust lien on the property.
The Bank filed a Motion to Reconsider and/or for Relief from Judgment or Order asserting that the chancellor's ruling denied them access to the remaining contiguous forty acres of land in which the Bank holds a first deed of trust/mortgage lien. The Bank asked for an easement or private right-of-way, as well as an equitable remedy allowing them access to the land.
*424 Finding the Bank's motion meritless, the chancellor overruled said motion on January 2, 1990. In a timely manner, the Bank perfected its appeal to this Court.

II
On January 19, 1984, Bill Robinson applied to the Bank for a loan. Following discussions with the Bank's loan officer and after complying with the usual application process, Mr. Robinson provided the Bank a title certificate from his attorney on 60 acres of land. The title opinion indicated that Mamie Robinson was the record owner of the land pledged as security for repayment of the proposed debt to the Bank and that title was free and clear subject to exceptions including: "3. Any facts which a physical survey of the premises would reveal."
Hugh Garraway, Jr., the loan officer who approved the loan, testified that the Bank did not order a survey and never made a visual inspection of the property to determine if anyone else was claiming the property in question, because the title certificate indicated that the land was free and clear of all liens.
Garaway testified that it was customary for the Bank to inspect the property on a map, locate it and place an approximate value in the property for appraisal purposes. Garaway never met Wayne Hollingsworth until June 1989 and did not receive any written notice from the Hollingsworths as to their claim of ownership of the 18-acre tract in dispute.
Wayne Hollingsworth testified that he bought the property from his wife's grandmother, Mamie, in 1983. He produced two cancelled checks in amounts corresponding to his claim that he paid $750 per acre for the land. He said that he did not record the deed out of ignorance. Prior to 1986, the property in dispute was assessed for tax purposes to Mamie Robinson.
It is undisputed that in 1983 Wayne had a fence placed around the entire 27-acre parcel purchased from Mamie, including the 18 acres in question. The evidence indicated that the fence was distinctive in that all of the posts were painted white at the top. It is also undisputed that there was no fence separating the 18-acre parcel from the 27 acres upon which the Hollingsworths' home is now situated. The home, built in 1985, after the bank's deed of trust had been recorded, is not located on the 18-acre parcel in dispute.
Bill, Francis and Mamie Robinson signed and delivered to the Bank a promissory note and deed of trust covering the 60 acres of land on or about January 23, 1984, securing a loan in the principal sum of $45,000, plus interest. Mr. Robinson received the loan proceeds from the Bank. The loan was renewed several times, but remained secured by the initial deed of trust. The loan ultimately went into default and the Bank attempted to enforce payment by foreclosure of its lien, when the foreclosure sale scheduled for June 20, 1989, was restrained by the chancellor's order in these proceedings.
In this appeal, the bank asks that we find the chancellor erred in fact and law. The Bank's argument is that the chancellor erred in finding that the construction of the fence on the property in question constituted adequate notice to the Bank that someone was in possession of the property and that the court's decision placed upon the bank a duty of inquiry not supported by law.

III
This Court does not disturb the factual findings of a chancellor unless such findings are manifestly wrong or clearly erroneous. Smith v. Dorsey, 599 So.2d 529 (Miss. 1992), citing Bowers Window and Door Co., Inc. v. Dearman, 549 So.2d 1309 (Miss. 1989). Stated another way, "[w]henever there is substantial evidence in the record to support the chancellor's findings of fact, those finding must be affirmed here." Smith, at 533, citing Johnson v. Hinds County, 524 So.2d 947, 956 (Miss. 1988); Culbreath v. Johnson, 427 So.2d 705, 707-08 (Miss. 1983). On the other hand, our review of questions of law is de novo and we will reverse for erroneous interpretation or applications of the law. Harrison County v. City of Gulfport, 557 *425 So.2d 780, 784 (Miss. 1990); Cole v. National Life Ins. Co., 549 So.2d 1301, 1303 (Miss. 1989).

IV
The issue is whether the chancellor was correct in determining that as a result of the construction of a fence on the land in question, the Bank had constructive notice that someone was claiming title to the land. The Bank argues that the mere act of possession by the Hollingsworths is not, in and of itself, legally sufficient to constitute actual notice to the Bank, absent a requirement of a physical inspection of the premises or such other inquiry regarding title. Our law is to the contrary.
"Possession of land by one under claim of title is notice to the world of such claim. The rights of such a claimant are protected against a bona fide purchaser for value, although the evidence of his title be not of record." Russell v. Scarborough, 155 Miss. 508, 511, 124 So. 648 (1929); Stevens v. Hill, 236 So.2d 430 (1970); Gulf Refining Co. v. Travis, 201 Miss. 336, 29 So.2d 100 (1947). Stevens holds that "possession of real estate is constructive notice of the title in the occupant to the same extent as that imputed by the record of a deed to him thereto." 236 So.2d at 434. Gulf Refining holds that "the registration statutes do not affect an owner in possession by himself or by his tenants, and that his actual possession is all the notice necessary to any prospective purchaser." 29 So.2d at 102. This is a principle well established in our law which we have reaffirmed as recently as 1982. Morgan v. Sauls, 413 So.2d 370, 375 n. 5 (Miss. 1982); See also, Bowen v. Bianchi, 359 So.2d 758, 761-762 (Miss. 1978).
Although our recordation statutes[1] speak of "actual" notice, this court observed in Gulf Refining that the 1924 amendment adding that language was directed at notice of earlier deeds and does not apply to "the established rule with reference to the effect of actual possession of land." 201 Miss. at 366; 29 So.2d at 102.
The sole question in this case is whether the indicia of possession established by the evidence is sufficient. For "possession [to] have the effect of protecting the title under which it is held, it must be of that character which would arrest attention." Loughridge & Bogan v. Bowland, 52 Miss. 546 (1876). We have held that fences satisfy the requirements of "actual, open, notorious, and visible" occupancy in adverse possession cases. Cole v. Burleson, 375 So.2d 1046, 1048 (Miss. 1979) citing, Berry v. Houston, 195 So.2d 515, 518 (Miss. 1967). Here, the chancellor found that the construction of the fence was sufficient to put *426 the Hollingsworths in possession. We will not disturb that finding.

V
For the foregoing reasons, we affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, DAN M. LEE, P.JJ., and SULLIVAN, PITTMAN and McRAE, JJ., concur.
PRATHER, J., not participating.
ROBERTS, J., not participating according to Supreme Court Internal Rules.
NOTES
[1] The applicable statutes governing recordation and priority of instruments are § 89-5-3 and § 89-5-5. Section 89-5-3 of Miss. Code Ann. (1972) provides:

All bargains and sales, and all other conveyances whatsoever of lands, whether made for passing an estate of freehold or inheritance, or for a term of years; and all instruments of settlement upon marriage wherein land, money, or other personalty should be settled or covenanted to be left or paid at the death of the party, or otherwise; and all deeds of trust and mortgages whatsoever shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they be acknowledged or proved and lodged with the clerk of the chancery court of the proper county, to be recorded in the same manner that other conveyances are required to be acknowledged or proved and recorded. Failure to file such instrument with the clerk for record shall prevent any claim of priority by the holder of such instrument over any similar recorded instrument affecting the same property, to the end that with reference to all instruments which may be filed for record under this section, the priority thereof shall be governed by the priority in time of the filing of the several instruments, in the absence of actual notice.
Section 89-5-5 of Miss Code Ann. (1972) provides:
Every conveyance, covenant agreement, bond, mortgage, and deed of trust shall take effect, as to all creditors and subsequent purchasers for a valuable consideration without notice, only from the time when delivered to the clerk to be recorded; and no conveyance, covenant, agreement, bond mortgage or deed of trust which is unrecorded or has not been filed for record, shall take precedence over any similar instrument affecting the same property which may be of record, to the end that with reference to all instruments which may be filed for record under this section, the priority thereof shall be governed by the priority in time of the filing of the several instruments, in the absence of actual notice.