McMILLIN, C.J., for the Court.
¶ 1. Shelby Cook (now Shelby Cook McBride) and Phil Cook were divorced on the ground of irreconcilable differences in November 1999. There was one child born to the marriage whose name is Callie Marie Cook, and whose date of birth is January 12, 1999. The parties agreed at the time of the divorce that primary custody of this child would be awarded to Ms. McBride. The chancellor approved the agreement regarding custody, incorporating it into the divorce judgment.
¶2. In May 2001, Mr. Cook sought to modify the original divorce judgment to obtain custody of the minor child. After a hearing on the matter, the chancellor granted Mr. Cook’s request and named him as the custodial parent. Ms. McBride, dissatisfied with the chancellor’s decision, has appealed the change of custody judgment to this Court. In her appeal, Ms. McBride contends that the chancellor applied an improper legal standard to modify custody at two separate steps in the decision process. First, Ms. McBride argues that the chancellor did not find that there had been a material change of circumstance adverse to the child’s best interest. *162 Secondly, Ms. McBride contends that, even if the necessary material adverse change in circumstance was shown, the chancellor did not properly evaluate whether a change in custody was warranted.
¶ 3. While we are satisfied that Ms. McBride has correctly set out the considerations that must guide a chancellor’s decision process in a custody modification proceeding, we are not convinced that the chancellor in this instance disregarded the necessary considerations or that he abused the discretion afforded him in making such determinations. On that basis, we affirm the judgment modifying custody.
¶ 4. The evidence presented at trial showed that, since the parties had divorced in 1999, the child had spent a substantial portion of the time in the custody and care of her maternal grandparents. Ms. McBride justified this arrangement by testifying that, for a large part of the time, she was acting as primary caregiver for a male friend whom she ultimately married at the time when he was terminally ill with cancer. Ms. McBride and this friend were married shortly before his death. However, even after this man’s death, there was evidence presented that arrangements had been made for the child to remain with her grandparents while Ms. McBride lived with a female roommate and the roommate’s young son. Only after the modification petition was filed did Ms. McBride make arrangements for the child to come and live with her. The two continued to reside with Ms. McBride’s roommate and shared a single bedroom.
¶ 5. The chancellor, while expressing admiration for the assistance provided by Ms. McBride’s parents in the care of her child, was plainly dismayed by Ms. McBride’s lack of traditional parental involvement with her child for such extended periods of time and felt that this surrender of parental responsibility to third parties, even those having such close family ties and evident concern for the child’s well-being, was a material change in circumstance that adversely affected the best interests of the child. From a standpoint of a question of law, that is the proper analysis that must be applied by the chancellor in the course of deciding a custody modification request. Ash v. Ash, 622 So.2d 1264, 1265-66 (Miss.1993). Our review as to the application of the proper legal standard in deciding such questions is de novo. Morgan v. West, 812 So.2d 987, 990(¶ 8) (Miss.2002) (citing Bank of Miss. v. Hollingsworth, 609 So.2d 422, 424 (Miss.1992); Harrison County v. City of Gulfport, 557 So.2d 780, 784 (Miss.1990)). Under that standard of review, we do not conclude that the chancellor applied an incorrect legal standard in this instance.
¶ 6. This brings us to the related question of whether there is evidence to support the chancellor’s finding of fact that a material change in circumstance adverse to the child’s welfare had occurred. As to that question a different standard of review applies. As to issues of that nature, the chancellor, as trier of fact, hears the evidence first-hand and is best able to make those difficult decisions regarding witness credibility and what weight and worth to afford various aspects of the evidence. Rogers v. Morin, 791 So.2d 815, 826(¶ 39) (Miss.2001). As a result, the chancellor is entitled to substantial deference when his determinations are subjected to attack on appeal and appellate review searches only for an abuse of discretion. Id. The center of focus, when searching for an abuse of discretion in the chancellor’s determination, must always remain what is in the best interest of the affected child. See Williams v. Williams 843 So.2d 720, 726(¶ 25) (Miss.2003) (Pittman, C.J., dissenting). Reviewing the evidence in light of the applicable standard of *163 review, we conclude that essentially total surrender of parental control by the custodial parent to third parties may reasonably be viewed by the chancellor as a material variation from the custodial arrangement contemplated at the time of the divorce. Based on the fundamental concept that, absent extraordinary circumstances, the parents of a child are best suited to nurture and care for their child, we also think it was within the chancellor’s discretion to find this alteration in custody arrangements to be adverse to the child’s interest without the necessity of a showing that these grandparents were somehow deficient in their care of the child.
¶ 7. Once the chancellor has determined that there has been a material change in circumstance adverse to the child’s interest, he must still face the question of whether a change in custody is warranted. Thompson v. Thompson, 799 So.2d 919, 922(¶ 22) (Miss.Ct.App.2001). This is a related, but different, issue since it is conceivable that there could'be a material adverse change in the child’s circumstances but the court could yet determine that, based on a review of available alternatives, a custody change would only worsen the child’s circumstances even further.
¶ 8. There was substantial evidence in the record regarding Mr. Cook’s present living and working arrangements and the capabilities that he had to properly see after the welfare of his daughter. Based on the evidence presented concerning the father’s living arrangements and the available resources to care for the child, the chancellor determined that it would be appropriate to remove custody from Ms. McBride in a situation where she was, in actuality, acting as the de jure custodial parent only for a substantial part of the time following the divorce and the actual custodial responsibilities for the child had been assumed by persons not contemplated under the terms of the divorce judgment.
¶ 9. On the record in this case, we cannot conclude that this decision constituted an abuse of the broad discretion vested in the chancellor to adjudicate matters of custody and, for that reason, we determine that the chancellor’s decision must be affirmed.
¶10. THE JUDGMENT OF THE CHANCERY COURT OF LAFAYETTE COUNTY IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.