# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01859-COA

| | |
|---|---|
| ELIZABETH DOMINO, VICKIE BRASWELL, CHUCK BRASWELL, WAYNE BRASWELL, LARRY BRASWELL, JENNIFER M. WESTON AND BEAU MILES | APPELLANTS |

v.

| | |
|---|---|
| JUDY C. BRASWELL AND ANN BRASWELL | APPELLEES |

| | |
|---|---|
| DATE OF JUDGMENT: | 10/04/2013 |
| TRIAL JUDGE: | HON. WATOSA MARSHALL SANDERS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | GERALD H. JACKS |
| | MARY MCKAY LASKER |
| | JAMIE FERGUSON JACKS |
| ATTORNEY FOR APPELLEES: | GLENN H. WILLIAMS |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| TRIAL COURT DISPOSITION: | DETERMINED THAT A MODIFICATION TO A TRUST AGREEMENT WAS VALID AND THAT THE STATUTE OF LIMITATIONS HAD RUN ON ANY ACTION CHALLENGING THE MODIFICATION |
| DISPOSITION: | AFFIRMED - 05/19/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND FAIR, JJ.**

**ISHEE, J., FOR THE COURT**:

¶1. This appeal arises from a decision made by the Chancery Court of Bolivar County involving a family trust. The case began as an interpleader action brought by the surviving trustees of the Braswell family trust regarding the distribution of Ophelia Braswell's

("Ophelia") trust property among two of her deceased sons' beneficiaries. The two deceased sons were Charles Braswell ("Charles") and Ralph Braswell ("Ralph"), and the dispute arose between both Charles's and Ralph's wives and their children or grandchildren (collectively "the children"). The chancery court found in favor of Charles's and Ralph's wives, and the children appealed. Finding no error, we affirm.

## STATEMENT OF THE CASE

¶2. This case arises from a dispute involving the distribution of Ophelia's family trust. Ophelia had five children, and she executed the original trust agreement on February 7, 1994. The original trust agreement included the following: 420 acres of land, certificates of deposit, cash, other funds, Bank of Ruleville stock, and Baxter Laboratories stock. At the time, she had four living children: Ralph, Charles, Frances Downs ("Frances"), and Lawrence Braswell ("Buck"), and they were named as co-trustees. The fifth child, Bobby Braswell, predeceased Ophelia, and he had two children: Chris Braswell ("Chris") and Tammy Story ("Tammy"). The trust provided that upon Ophelia's death, the trust would terminate, and the trust's assets would be distributed as follows:

> To Ralph Braswell, an undivided one-fifth interest, to Charles Braswell, an undivided one-fifth interest, to Frances B. Downs, an undivided one-fifth interest, to Lawrence E. Braswell, an undivided one-fifth interest, to Chris O. Braswell, an undivided one-tenth interest, and to Tammy B. Story, an undivided one-tenth interest, the children of a deceased beneficiary to take his or her parent's share per stirpes.

¶3. The trust also stated:

> The Donor hereby declares that this agreement and the trust hereby created shall be irrevocable and not subject to modification, alteration or amendment, and the Donor shall ever hereafter have no right, title or interest in the trust

2

property.

¶4. On May 14, 1997, Ophelia, the four co-trustees, and the beneficiaries, Chris and Tammy, executed a modification to the trust agreement to correct an error in the trust. The modification provided that in the event that a beneficiary predeceased Ophelia, "that beneficiary's interest shall be administered for and distributed to such person or persons as such beneficiary shall by Will designate and appoint and in such amounts of proportions and upon such terms and provisions (out-right or in trust), as such beneficiary shall prescribe in his or her Will." It went on to state that if the beneficiary did not exercise the beneficiary's power of appointment in the beneficiary's will, the beneficiary's interest "shall thereupon vest in and be delivered and conveyed to such beneficiary's surviving spouse and surviving issue, per stirpes . . . ."

¶5. Between executing the modification and Ophelia's death on February 21, 2013, two more of Ophelia's sons passed away, Charles in 2007 and Ralph in 2009. Charles was survived by his second wife, Ann Braswell ("Ann"), and his three children from his first marriage: Elizabeth Braswell Domino, Chuck Braswell, and Vickie Braswell. Ralph was survived by his second wife, Judy Braswell ("Judy"), and his surviving children from his first marriage: Wayne Braswell and Larry Braswell. Ralph was predeceased by his daughter, Lois Braswell Myles, who had two surviving children: Beau Myles and Jennifer Weston.

¶6. The dispute arose regarding Ralph's share between his widow, Judy, and his children and grandchildren. A dispute also arose over Charles's share between his widow, Ann, and his children. On May 6, 2013, Buck and Frances filed a complaint for interpleader, as the

3

sole surviving co-trustees, regarding Charles's and Ralph's interests in the trust. The co-trustees requested that the Chancery Clerk of Bolivar County accept two checks of $80,110.40 each for Ralph's share and Charles's share. An order was entered by the chancery court on May 31, 2013, accepting the shares into the registry of the Court, and the co-trustees were discharged from liability as to the further claims to those sums. The chancery court ordered that the action was to continue between the remaining Defendants (i.e., those claiming entitlement to the money).

¶7. The children then filed a motion for a judgment on the pleadings stating that the modification to the trust agreement was void. The children cited paragraph 7 of the trust agreement, which stated that the trust could not be modified for support. Judy and Ann responded separately to the motion for a judgment on the pleadings, and each filed a cross-motion for a judgment on the pleadings and to dismiss as to the children. The chancellor found that the modification of the trust agreement was valid and to be construed as written. Aggrieved, the children filed this appeal.

**STANDARD OF REVIEW**

¶8. "This Court employs a limited standard of review when reviewing decisions of a chancellor." *Headrick v. Headrick*, 788 So. 2d 784, 787 (¶10) (Miss. Ct. App. 2000). "The findings of a chancellor will not be disturbed on review unless the chancellor was manifestly wrong [or] clearly erroneous, or applied the wrong legal standard." *McNeil v. Hester*, 753 So. 2d 1057, 1063 (¶21) (Miss. 2000) (citing *Bank of Miss. v. Hollingsworth*, 609 So. 2d 422, 424 (Miss. 1992)). When reviewing a chancellor's decision, the standard employed by this

4

Court is abuse of discretion; "[h]owever, for questions of law, the standard of review is de novo." *Id.*

## DISCUSSION

¶9.     The children filed this appeal arguing that the chancellor erred in finding (1) that the trust could be modified, and (2) that their case was barred by the ten-year statute of limitations. The chancellor pointed out that while Mississippi case law prohibits the trustor and the beneficiaries from solely modifying the trust, "[t]here is no Mississippi case law that deals with the modification of a trust when all parties, the [trustor], co-trustees, and beneficiaries, agree to a modification."

¶10.    First, we will address the issue of the statute of limitations. Mississippi Code Annotated section 15-1-39 (Rev. 2012) states: "Bills for relief, in case of the existence of a trust not cognizable by the courts of common law and in all other cases not herein provided for, shall be filed within ten years after the cause thereof shall accrue and not after . . . ." The children argue that the statute of limitations never began to run because, since they allege the modification is void, it is like the modification never happened. The chancellor, on the other hand, found that the statute of limitations began to run when the modification was filed as a public record on or about July 7, 1997, and to support his position, he cited *Ayers v. Davidson*, 285 F.2d 137 (5th Cir. 1960). In *Ayers*, the United States Court of Appeals for the Fifth Circuit held:

> [I]t appears that the State of Mississippi, through the decisions of the Supreme [C]ourt of the State of Mississippi, has definitely held that the filing of a document affecting real estate with the Clerk of the Chancery Court . . . of the county where the real estate is situated or located is notice to all the world, and

5

that when the instrument itself is the one upon which a suit to cancel for fraud is based, then the statute begins to run from the date the instrument is filed for record.

*Id*. at 139.

¶11.    We find that we cannot ignore the ten-year statute of limitations in this case, and we agree with the chancery court that the statute of limitations began running on the day that the modification was filed as a public record on or about July 7, 1997.  Accordingly, any action regarding the legality of the modification should have been filed within ten years of that date. Because this action is barred by the statute of limitations, we find that the other issues brought forth in this appeal are moot.

¶12.    **THE JUDGMENT OF THE BOLIVAR COUNTY CHANCERY COURT IS AFFIRMED.    ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., BARNES, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.  ROBERTS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.  GRIFFIS, P.J., AND JAMES, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**